RAJIV DHARNIDHARKA (Bar No. 234756)
rajiv.dharnidharka@dlapiper.com
DEBORAH E. MCCRIMMON, Bar No. 229769
deborah.mccrimmon@dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

LEON MEDZHIBOVSKY (*pro hac vice* pending)
leon.m@dlapiper.com
AIRINA RODRIGUES (*pro hac vice* pending)
airina.rodrigues@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: 212.335.4630
Fax: 917.778.8630

Attorneys for Plaintiff
COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MCAFEE, d/b/a FUTURE TENSE CENTRAL,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114, 1125; INJURY TO BUSINESS REPUTATION AND DILUTION UNDER FEDERAL AND STATE LAW**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

Plaintiff Cognizant Technology Solutions U.S. Corporation ("Cognizant") brings this action against John McAfee, d/b/a Future Tense Central ("Defendant") for injunctive relief and damages under the law of the United States. By this Complaint, Cognizant seeks injunctive relief and monetary damages against Defendant based on Defendant's infringement of Cognizant's COGNIZANT trademarks (the "Cognizant Mark"). Defendant has announced that he will imminently release a download application for mobile devices and tablets under a confusingly similar – that is, identical – name, Cognizant (the "Infringing Trade Name and Mark"), for many of the same services provided by Cognizant. Defendant's activities constitute trademark infringement. As a result, Cognizant has suffered, is suffering and, unless relief is entered by this Court, will continue to suffer ongoing harm due to Defendant's conduct as alleged herein.

**PARTIES**

1. Plaintiff Cognizant is a corporation, duly formed and existing under Delaware law. Cognizant is headquartered at 500 Frank W. Burr Boulevard, Teaneck, New Jersey, 07666.

2. Upon information and belief, defendant McAfee is an individual residing at 412 Heather Point Lane, La Selva Beach, California, 95076.

3. Upon information and belief, Future Tense Central is headquartered in Santa Cruz, California.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a) because this action involves substantial claims by Cognizant of trademark infringement arising under 15 U.S.C. §§ 1114 and 1125.

5. In addition, upon information and belief, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this controversy is between citizens of different States, and the sum or value of the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over defendant McAfee because, on information and belief, McAfee resides within this judicial district and transacts business within

this judicial district.

7. This Court has personal jurisdiction over Future Tense Central because, on information and belief, Future Tense Central is headquartered within this judicial district and transacts business within this judicial district.

8. Venue lies properly in this Court pursuant to 28 U.S.C. § 1391(b)(1) because, under 28 U.S.C. § 1391(c), Defendant is deemed to reside in this district as he is subject to personal jurisdiction in this district at the time the action commenced.

**INTRADISTRICT ASSIGNMENT**

9. This is an intellectual property case and, therefore, intradistrict assignment in any of the judicial divisions is appropriate pursuant to Civil Local Rule 3-2(c).

**FACTUAL BACKGROUND**

**Cognizant's Operations and Valuable Marks**

10. Since at least as early as 1994, Cognizant has continuously and extensively used the COGNIZANT Mark in connection with consulting, business process, and computer software services.

11. Since at least as early as 1997, Cognizant has continuously and extensively used the COGNIZANT Mark in connection with (a) information and decision support services relating to the pharmaceutical and healthcare industries; (b) measurement of audience participation and advertising expenditures in electronic and high-tech media; (c) research and analysis of computer hardware, software, communications and related technology industries; (d) client/server decision-support solutions for enterprises; (e) information systems for managed care organizations; (f) software development; (g) financial application software products and services; and (h) investment in emerging and established businesses in the information technology industry.

12. Since at least as early as 1997, Cognizant has also continuously and extensively used the COGNIZANT Mark in connection with: (1) information services relating to measurement of audience participation and advertising expenditures in electronic and high-tech media; (2) information services relating to financial application software products and services and investment in emerging and established business in the information industry; and (3)

information technology services relating to (a) information and decision support services relating to the pharmaceutical and healthcare industries; (b) research and analysis of computer hardware, software, communications and related technology industries; (c) client/server decision support solutions for enterprises; (d) information systems for managed care organizations; and (e) software development.

13. Since at least as early as 1997, Cognizant has also continuously and extensively used the COGNIZANT Mark in connection with governance services including vulnerability assessments for networks, applications and databases.

14. Since at least as early as 2012, Cognizant has continuously and extensively used the COGNIZANT Mark in connection with download applications for mobile devices and tablets.

15. In recognition of the value of the COGNIZANT Mark, in which it has substantial common law rights and goodwill, Cognizant sought and obtained U.S. Trademark Registration No. 2,484,075 for the COGNIZANT mark for the services set forth in Paragraph 11 of this Complaint. Cognizant also sought and obtained U.S. Trademark Registration No. 2,498,530 for the COGNIZANT mark for the services set forth in Paragraphs 12 of this Complaint (together, the "COGNIZANT Registrations").

16. U.S. Trademark Registration Nos. 2,484,075 and 2,498,530 are valid and subsisting, are in full force and effect, and have become incontestable by operation of law pursuant to 15 U.S.C. § 1065. Moreover, these registrations constitute evidence of the validity of the COGNIZANT Mark and Registrations, Cognizant's ownership of the COGNIZANT Mark and its exclusive right to use the COGNIZANT Mark.

17. Cognizant has enjoyed extensive sales of its services in commerce in the United States, including in the State of California, under the COGNIZANT Mark, and has extensively advertised and promoted its services under the COGNIZANT Mark.

18. As a result of these activities, Cognizant has built up and now owns valuable goodwill symbolized by the COGNIZANT Mark.

19. The COGNIZANT Mark is well-known and famous, being widely recognized by the general consuming public as a designation of origin of Cognizant's goods and services.

20. Cognizant is ranked among the "Fortune 500," as well as Fortune Magazine's lists of both the "World's Most Admired" and "Fastest Growing Companies." Cognizant is also ranked among The Street's 10 "Stocks of the Decade," as one of the S&P 500's best-performing stocks over the last 10 years. For the second year running, Cognizant was named to the "InformationWeek 500" list of top technology innovators across America. Cognizant is also the owner of the domain name www.cognizant.com.

**Defendant McAfee and McAfee's Infringing Activity**

21. Upon information and belief, Defendant McAfee founded McAfee Associates, a computer antivirus software company, in or about 1987, initially operating the business from Santa Clara, California. Upon information and belief, McAfee Associates eventually merged with a company called Network General, and resumed business activities under the name "McAfee" in or about 2004.

22. Upon information and belief, Intel Corporation purchased McAfee in 2010, but announced in January 2014 that it was rebranding "McAfee"-branded security products to avoid further association with Defendant McAfee's name. Upon information and belief, Intel's rebranding efforts were prompted, at least in part, by Defendant McAfee's highly-publicized behavior, and the potentially negative effects of such behavior on consumer perception of Intel's security products. Attached as Exhibit A is a true and correct copy of a CNNMoney article titled "Intel Renames its McAfee Security Brand," which describes Intel's rebranding efforts and some of Defendant McAfee's behavior.

23. Upon information and belief, Defendant McAfee is now conducting a new business through Future Tense Central, which includes products and services offered under the Infringing Trade Name and Mark.

24. Upon information and belief, no business entity with the name "Future Tense Central" has been registered to conduct business in any state in the United States. Also, upon information and belief, no business entity with the name "Future Tense Central" has been registered to conduct business in Canada.

25. Upon information and belief, Defendant McAfee created Future Tense Central to

develop and market a suite of products related to privacy in technology, including, but not limited to the Infringing Trade Name and Mark and a product called "D-Central."

26. Upon information and belief, at least seventeen years after Cognizant adopted the COGNIZANT Mark, Defendant is now developing a competing product under the Infringing Trade Name and Mark, which is a download application for mobile phones and tablets.

27. Upon information and belief, the Infringing Trade Name and Mark will be released by Defendant imminently.

28. Upon information and belief, Defendant will use the Infringing Trade Name and Mark to promote services identical or very similar to services offered by Cognizant, including, for example, governance services including vulnerability assessments for networks, applications and databases, and download applications for mobile devices and tablets.

29. Upon information and belief, Defendant has actual knowledge of the COGNIZANT Mark because, at the very least, during a February 14, 2014 CrowdChat interview regarding the launch of Defendant's infringing "Cognizant" product, available online at https://www.crowdchat.net/mcafee, a user called attention to Plaintiff's rights in its COGNIZANT Mark, and asked Defendant if Plaintiff Cognizant was aware of the infringement.

30. Upon information and belief, Defendant has not taken any steps to change the Infringing Trade Name and Mark.

31. Upon information and belief, Defendant deliberately adopted and used a name and mark that is confusingly similar – in fact, identical to – the COGNIZANT Mark, which will mislead and confuse customers into believing that Defendant's services are provided, sponsored or approved by Cognizant.

32. Upon information and belief, Defendant deliberately and in bad faith adopted and used a name and mark that is confusingly similar – in fact, identical to – the COGNIZANT Mark, to unlawfully misappropriate and unjustly benefit from the considerable goodwill associated with the COGNIZANT mark.

33. Upon information and belief, Defendant deliberately and in bad faith adopted and used a name and mark that will dilute by tarnishment and by blurring the strength of the

COGNIZANT Mark and the goodwill associated with the COGNIZANT Mark.

34. As a result of Defendant's wrongful activities, consumers will be misled and Cognizant will suffer irreparable harm and economic injury.

**FIRST CLAIM FOR RELIEF**
**Trademark and Service Mark Infringement**
**(15 U.S.C. § 1114, Lanham Act § 32)**

35. Cognizant realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 34, inclusive.

36. Cognizant is the sole owner of all right, title and interest in and to the COGNIZANT Mark for use in connection with the services set forth in this Complaint.

37. Defendant intends to use the Infringing Trade Name and Mark for use in connection with providing confusingly similar services as Cognizant without authorization from Cognizant.

38. Defendant's acts are likely to cause confusion, mistake or deception in the minds of the public and to lead the public and prospective purchasers to believe that Defendant's services are those of Cognizant or are endorsed, sponsored by or otherwise affiliated or connected with Cognizant, or that Cognizant's services are associated with Defendant.

39. Defendant's acts constitute willful trademark and service mark infringement of Cognizant's federal Registrations for the COGNIZANT Mark in violation of Section 32 of the Federal Trademark Act, 15 U.S.C. § 1114.

40. Defendant's acts will cause irreparable injury to Cognizant and, unless restrained by this Court, will be continued, and Cognizant will continue to suffer irreparable injury.

41. Cognizant has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**Trademark and Service Mark Infringement**
**(15 U.S.C. § 1125(a), Lanham Act § 43(a))**

42. Cognizant realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 41, inclusive.

43. Cognizant is the sole owner of all right, title and interest in and to the COGNIZANT Mark and uses the COGNIZANT Mark in United States commerce in connection

with the services set forth in this Complaint.

44. Defendant intends to use the Infringing Trade Name and Mark for use in connection with providing confusingly similar services as Cognizant without authorization from Cognizant.

45. Defendant's acts are likely to cause confusion, mistake or deception in the minds of the public and to lead the public and prospective purchasers to believe that Defendant's services are those of Cognizant or are endorsed, sponsored by or otherwise affiliated or connected with Cognizant, or that Cognizant's services are associated with Defendant.

46. Defendant's acts constitute willful trademark and service mark infringement of the COGNIZANT Mark in violation of Section 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a).

47. Defendant's acts will cause irreparable injury to Cognizant and, unless restrained by this Court, will be continued, and Cognizant will continue to suffer irreparable injury.

48. Cognizant has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
**Injury To Business Reputation And Dilution Under Federal Law**
**(15 U.S.C. § 1125(c), Lanham Act § 43(a))**

49. Cognizant repeats and realleges paragraphs 1 through 48 as if fully stated herein.

50. As a result of Cognizant's extensive and continuous use of the COGNIZANT Mark as set forth above, and the strong nature of this mark, the COGNIZANT Mark has become famous and well-known.

51. Defendants' wrongful use of the COGNIZANT Mark was and is done willfully and with the intention to trade on Cognizant's reputation and/or to cause dilution of the COGNIZANT Mark.

52. Defendants' wrongful acts as set forth above, unless restrained by this Court, are likely to cause both dilution by tarnishment and dilution by blurring of the COGNIZANT Mark, to Cognizant's irreparable injury.

53. Cognizant has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
**Injury To Business Reputation And Dilution Under State and Federal Law**
**(Cal. Bus. & Prof. Code § 14247)**

54. Cognizant repeats and realleges paragraphs 1 through 53 as if fully stated herein.

55. As a result of Cognizant's extensive and continuous use of the COGNIZANT Mark as set forth above, and the strong nature of this mark, the COGNIZANT Mark has become famous and well-known.

56. Defendant began using the Infringing Trade Name and Mark long after the COGNIZANT Mark became famous in the United States.

57. Defendants' wrongful use of the COGNIZANT Mark was and is done willfully and with the intention to trade on Cognizant's reputation and/or to cause dilution of the COGNIZANT Mark.

58. Defendants' wrongful acts as set forth above, unless restrained by this Court, are likely to cause both dilution by tarnishment and dilution by blurring of the COGNIZANT Mark, to Cognizant's irreparable injury.

59. Cognizant has no adequate remedy at law.

WHEREFORE, Cognizant prays for relief as follows:

1. That Defendant be adjudged to have willfully infringed Cognizant's trademark rights in the COGNIZANT Mark and Registrations, including U.S. Federal Trademark Reg. Nos. 2,484,075 and 2,498,530, under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a);

2. That Defendant, officers, directors, partners, agents, subcontractors, servants, employees, representatives, franchisees, licensees, subsidiaries, parents, and related companies or entities, and all others acting in concert or participation with Defendant, are temporarily restrained, preliminarily enjoined during the pendency of this action, and permanently enjoined from:

- using the Infringing Trade Name and Mark or any variation or colorable imitation thereof;
- infringing and/or diluting the COGNIZANT Mark;

- representing that Defendant is employed by, associated with, or in any way related to Cognizant;
- unfairly competing with Cognizant by using a name or trademark confusingly similar to the COGNIZANT Mark; and
- offering for sale, advertising or promoting goods and services under the Infringing Trade Name and Mark or any variation or colorable imitation thereof, in any manner not authorized by Cognizant.

3. That Defendant provide an accounting to determine all gains, profits, savings and advantages obtained by Defendant as a result of its wrongful actions;

4. That Defendant take affirmative steps to dispel such false impressions that have been created by its use of the Infringing Trade Name and Mark, including, but not limited to, corrective advertising directed to the trade and consumers, and recalling from any and all channels of distribution goods and services under the Infringing Trade Name and Mark.

5. That Defendant destroy any and all materials bearing the Infringing Trade Name and Mark, or portions thereof, including, without limitation, advertising and promotional materials, whether online or tangible, stationery, signage, business cards, catalogs and other items.

6. That Defendant voluntarily surrender or cancel any and all domain names that contain the COGNIZANT Mark.

7. Awarding Cognizant damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a) and trebled pursuant to 15 U.S.C. § 1117(b);

8. Awarding restitution to Cognizant of all gains, profits, savings, and advantages obtained by Defendant as a result of its wrongful actions;

9. Awarding Cognizant all of its costs and reasonable attorneys' fees incurred in prosecuting this matter;

10. Awarding Cognizant such other and further relief as this Court shall deem appropriate.

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |

Pursuant to Federal Rule of Civil Procedure 38, Cognizant hereby demands trial by jury on all issues raised in the Complaint.

Dated:  March 11, 2014

                                        DLA PIPER LLP (US)

                                        By     /s/ Deborah E. McCrimmon
                                              RAJIV DHARNIDHARKA
                                              DEBORAH E. MCCRIMMON
                                              Attorneys for Plaintiff
                                              COGNIZANT TECHNOLOGY SOLUTIONS
                                              U.S. CORPORATION