UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN MCAFEE,<br><br>　　　　Defendant. | Case No. 14-cv-01146-WHO<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

On March 11, 2014, Plaintiff Cognizant Technology Solutions U.S. Corporation ("Plaintiff" or "Cognizant") filed this action seeking to enjoin defendant John McAfee, d/b/a Future Tense Central ("Defendant" or "McAfee"), from infringing on its trademarks. I issued a temporary restraining order on March 21, 2014, and set out a briefing schedule for McAfee to show cause why a preliminary injunction should not be issued. I ordered Cognizant to make all reasonable efforts to serve McAfee.

On April 4, 2014, I extended the temporary restraining order for 14 days and deemed McAfee served based on Cognizant's many efforts to serve him. Indeed, Cognizant presented credible evidence that McAfee received actual notice of this action. But he still has not appeared in this action or timely responded to the order to show cause by April 11, 2014—his deadline to do so.

Pursuant to Civil Local Rule 7-1(b), I find this matter suitable for determination without oral argument and VACATE the hearing currently scheduled for April 18, 2014. Based on Cognizant's memorandum of points and authorities, declarations and attached exhibits, and complaint on file in this action, and based on the facts and representations therein, I find that

(1) I have jurisdiction over the subject matter of this action;

(2) Cognizant sought and obtained two U.S. Trademark Registrations (Nos. 2,484,075 and 2,498,530) for the COGNIZANT Mark (the "COGNIZANT Mark");

(3) Defendant announced his intent to release a download application for mobile devices and tablets (the "Infringing Application") under the name "Cognizant" (the "Infringing Trade Name and Mark") on or before March 20, 2014;

(4) Cognizant has shown a likelihood of success on the merits of its trademark infringement claim;

(5) Cognizant has shown a likelihood that it will suffer irreparable injury if the temporary restraining order is not granted because Cognizant, which is well-known and respected in the business world, will lose control over its reputation and will suffer a loss of goodwill if McAfee, who is well-known and has received press coverage about the Infringing Application, releases the Infringing Application;

(6) Cognizant has shown that the balance of equities tips in favor of Cognizant;

(7) Cognizant has shown that injunctive relief is in the public interest; and

(8) There is likely no adequate remedy at law.

IT IS HEREBY ORDERED that a preliminary injunction is entered, effective immediately, restraining, enjoining and requiring Defendant McAfee, d/b/a Future Tense Central, and each of his respective officers, directors, partners, agents, subcontractors, servants, employees, representatives, franchisees, licensees, subsidiaries, parents, and related companies or entities, and all others acting in concert or participation with Defendant with regard to the matters described herein, are preliminarily enjoined from:

(1) using the Infringing Trade Name and Mark or any variation or colorable imitation thereof in relation to the "Infringing Application";

(2) infringing the COGNIZANT Mark;

(3) representing that Defendant is employed by, associated with, or in any way related to Cognizant; and

(4) offering for sale, advertising, or promoting goods and services under the Infringing Trade Name and Mark, or any variation or colorable imitation thereof, in any manner not

authorized by Cognizant or the Court.

Within 90 days from the date of this Order, Cognizant shall file a statement stating what further relief it may request from me. Cognizant shall serve this Order on Defendant by all reasonable means.

**IT IS SO ORDERED.**

Dated: April 16, 2014



WILLIAM H. ORRICK
United States District Judge