1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COGNIZANT TECHNOLOGY
SOLUTIONS U.S. CORPORATION,

        Plaintiff,

        v.

JOHN MCAFEE,

        Defendant.

Case No. 14-cv-01146-WHO

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

Plaintiff Cognizant Technology Solutions U.S. Corporation ("Cognizant") has moved for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b). Finding that this matter is suitable for determination without oral argument, I VACATE the hearing set for June 18, 2014. In light of the accompanying memorandum of points and authorities, declarations, complaint and other pleadings on file in this action, and with good cause appearing, I GRANT default judgment in favor of Cognizant and against defendant John McAfee d/b/a/ Future Tense Central ("McAfee").

Cognizant filed a complaint for violations of Sections 32 and 43(a) of the Lanham Act and a related cause of action against McAfee on March 11, 2014. It made numerous attempts to serve McAfee with the complaint, summons and other additional documents required to be served on a defendant at the initiation of a lawsuit. It attempted personal service on McAfee at two separate residences in California. It also attempted to give notice to McAfee of the instant suit by overnight mail at two additional addresses – one in Oregon and one in Colorado – as well as by email and through his personal website.

McAfee failed to appear to oppose a temporary restraining order sought by Cognizant and further failed to respond to an order to show cause regarding preliminary injunction. On March 24, 2014, counsel for Cognizant received an email from McAfee from the same email address that

United States District Court
Northern District of California

1  Cognizant's counsel had previously used to contact him.  McAfee stated that he did not "consider

2  himself served," and instructed Cognizant's counsel to serve him at "2000 Arapaho Street,

3  Woodland Park Colorado, 80863."  When Cognizant attempted personal service at 2000 Arapahoe

4  Street, a groundskeeper informed Cognizant's process server that McAfee sold the property seven

5  years ago and was not at the property.  Cognizant made several other unsuccessful attempts to

6  serve McAfee at various addresses.

7          On April 4, 2014, I deemed McAfee served with the Complaint and Summons, as well as

8  other documents in this case.  McAfee failed to serve an answer to the complaint or otherwise

9  appear in this action within the statutory period.

10          On April 28, 2014, Cognizant applied for a certificate of Entry of Default from the Clerk of

11  this Court.  On April 29, 2014, the Clerk of this Court issued a Certificate of Entry of Default

12  certifying McAfee's default.  Cognizant served a copy of the Clerk's Notice of Entry of Default on

13  McAfee.  Cognizant also served a copy of its Motion for Entry of Default Judgment on McAfee.

14  Any response was due on May 27, 2014, and none has been received.

15          Accordingly:

16          1.  The Clerk of this Court shall enter final judgment in favor of plaintiff Cognizant and

17  against defendant McAfee.

18          2.  A permanent restraining order is entered, effective immediately, restraining, enjoining

19  and requiring McAfee, and each of his respective officers, directors, partners, agents,

20  subcontractors, servants, employees, representatives, franchisees, licensees, subsidiaries, parents,

21  and related companies or entities, and all others acting in concert or participation with McAfee

22  with regard to the matters described herein, are permanently restrained from:

23          (1) using the Infringing Trade Name and Mark or any variation or colorable imitation

24          thereof;

25          (2) infringing and/or diluting the COGNIZANT Mark;

26          (3) representing that McAfee is employed by, associated with, or in any way related

27          to Cognizant;

28          (4) unfairly competing with Cognizant by using a name or trademark confusingly

2

similar to the COGNIZANT mark;

(5) offering for sale, advertising or promoting goods and services under the Infringing Trade Name and Mark or any variation or colorable imitation thereof, in any manner not authorized by Cognizant.

3.  Cognizant is awarded costs of suit and reasonable attorneys' fees in accordance with 15 U.S.C. § 1117.  Attorneys' fees may be awarded in "exceptional cases."  15 U.S.C. § 1117(a).  "A trademark case is exceptional where the district court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully." *Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210, 1216 (9th Cir. 2003).  Cognizant's allegations, taken as true, show that McAfee's infringement was willful. *See Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002) (noting that "by entry of default judgment, the district court determined, as alleged in RIO's complaint, that RII's acts were committed 'knowingly, maliciously, and oppressively, and with an intent to . . . injure RIO.'"); Dkt. No. 1 ¶¶ 51, 57 (alleging that McAfee willfully and intentionally violated Cognizant's rights in the Cognizant Mark).  A case may also be deemed exceptional if the defendant has refused to appear and defend.  *See Sprint Nextel Corp. v. Thuc Ngo*, No. 12-02764 CW, 2014 WL 869486 at *5 (N.D. Cal. Mar. 3, 2014).  In light of the authorities cited above, I find that this is an "exceptional" case and grant leave to Cognizant to file an application seeking its attorneys' fees and costs in connection with this action, including the return on the bond posted by Cognizant in this action.

**IT IS SO ORDERED**.

Dated: June 13, 2014



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California