UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>    Plaintiff,<br>v.<br><br>JOHN MCAFEE,<br><br>    Defendant. | Case No. 14-cv-01146-WHO<br><br>**ORDER GRANTING IN PART APPLICATION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. No. 36 |

## INTRODUCTION

Plaintiff Cognizant Technology Solutions U.S. Corporation ("Cognizant") is seeking attorney's fees and costs for a three-month long case in which it obtained a default judgment. The defendant did not appear and no motions were opposed. Cognizant requests $158,678.51.

Under Civil Local Rule 7-1(b), I find this matter suitable for disposition without oral argument and VACATE the hearing currently scheduled for August 13, 2014, and I GRANT in part the application for attorney's fees and costs. While this case was unusual because of the difficulty in serving the defendant, the underlying legal issues were not complicated, especially for a firm of the caliber of the plaintiff's counsel. Cognizant's counsel failed to establish entitlement to, and the reasonableness of, many time entries because of insufficient descriptions, redacted entries, and unreasonable time devoted to certain tasks. I am reducing the award to $130,341.73.

## FACTUAL BACKGROUND

Cognizant filed a complaint for violations of Sections 32 and 43(a) of the federal Lanham Act and California Business & Professions Code § 14247 against defendant John McAfee d/b/a Future Tense Central ("McAfee") on March 11, 2014. It made numerous attempts to serve McAfee with the complaint, summons, and other documents. It attempted personal service on

McAfee at two separate residences in California. It also attempted to give notice of the action to McAfee by overnight mail at two additional addresses—one in Oregon and one in Colorado—as well as by email and through his personal website. Cognizant made several other unsuccessful attempts to serve McAfee at various addresses.

McAfee failed to appear to oppose a temporary restraining order sought by Cognizant and failed to respond to an order to show cause why a preliminary injunction should not issue. On April 4, 2014, I deemed McAfee served. On June 13, 2014, on Cognizant's motion, I entered default judgment against McAfee.

Cognizant now moves for attorney's fees and costs. It requests attorney's fees of $153,242.96 for 275.5 hours of attorney time, $3,863.90 of taxable costs, $1,571.65 of non-taxable costs, and return of the $100.00 bond posted by Cognizant. Rodrigues Decl. ¶ 37.

## LEGAL STANDARD

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (original emphasis) (citation omitted). "The district court [ ] should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*. "Cases may be overstaffed, and the skill and experience of lawyers vary widely," so a court must exclude fees for hours that are "excessive, redundant, or otherwise unnecessary." *Id.*

Where appropriate, "the district court may adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975)." *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co., Ltd.*, 668 F.3d 677, 689 (9th Cir. 2012). The *Kerr* factors include: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion

of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr*, 526 F.2d at 70.

## DISCUSSION

The fact that there is no party to challenge an application for attorney's fees and costs does not mean that a court should rubber-stamp the request. On the contrary, it may be even more imperative for a court to scrutinize such a motion.

My task is to multiply the number of hours reasonably expended in this litigation by the reasonable hourly rate in order to calculate the presumptively reasonable lodestar figure. To the extent that my consideration of the *Kerr* factors has not already been subsumed in the initial lodestar calculation, I may then adjust the lodestar figure up or down based on the *Kerr* factors.

### I. THE HOURLY RATES ARE REASONABLE.

Cognizant's counsel, the law firm of DLA Piper, is a large, multi-office firm with multiple practices, including an Intellectual Property & Technology Practice Group and a Litigation Practice Group. *See generally* Rodrigues Decl. ¶¶ 11-23. The hourly billing rate for individuals staffed on this action range from a high of $650.00 for partner Leon Medzhibovsky to a low of $263.50 for senior paralegal Jeff Reeves. Rodrigues Decl. ¶¶ 12, 23. The attorneys staffed on this case are based in New York City and the Bay Area. *See generally* Rodrigues Decl. ¶¶ 11-23. I find that the hourly rates are reasonable.

### II. THE REASONABLENESS OF THE HOURS EXPENDED.

Although this case was unusual insofar as the defendant attempted to evade service, the underlying matter was a straightforward trademark infringement case. The allegation was that McAfee was releasing a downloadable application using a name "identical" to Cognizant. Compl. 1. Cognizant sought a temporary restraining order and preliminary injunction—both governed by familiar standards. There was no discovery or active motion practice. I granted the unopposed application for a temporary restraining order. Cognizant provided two status updates

on its attempts to serve McAfee, after which I deemed him served. I then granted a preliminary injunction and entry of default judgment against McAfee. Cognizant now files this motion for attorney's fees.

While I recognize the quality of the work performed and the success achieved, the request suffers from several deficiencies that warrant adjustment of the award from what is requested.

**A. Insufficient Billing Descriptions**

Between February 26, 2014, and February 28, 2014, Cognizant's counsel billed 10.5 hours at a rate of $433.50 in three separate entries for work by "specialist" James Brachulis. All three entries simply state that he conducted "[d]ue diligence per request of Mr. Medzhibovsky related to J. McAfee" without further explanation of what precisely was done. Rodrigues Decl. Ex. B at 4. As the Ninth Circuit has explained, a fees request must contain "sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *United Steelworkers of Am. v. Ret. Income Plan For Hourly-Rated Employees of ASARCO, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (citation omitted). This set of requests does not meet that standard and does not allow the Court to adequately assess the reasonableness of the fee request. Counsel billed $4,551.75 for these entries. I will deduct half of this amount, totaling $2,275.88.

An attorney, Rajiv Dharnidharka, has numerous billing entries that merely state that "attention" was given to some subject without further description about what effort was expended or what task was accomplished. Examples include "Attention to service of process strategy and temporary restraining order strategy" or "Attention to McAfee complaint and cease and desist letter," but nowhere is there any indication of what was done. These can be contrasted with other entries that provide more meaningful descriptions, such as "Teleconference with Attorneys Medzhibovsky and Rodrigues" and "Review and analyze complaint against Mr. McAfee for trademark infringement." The "attention" entries almost all involve increments of 0.2 or 0.3 hours. One entry simply states "Attention to Mr. McAfee's failure to file an opposition to OSC regarding preliminary injunction and strategy for reply brief," which apparently took nearly a third of an hour to complete. Rodrigues Decl. Ex. B at 19. Another entry billed time for giving

4

attention to the "order reassigning matter to Judge Orrick"—a one-page form order issued by the Clerk of the Court that merely states that the matter is now before me. Rodrigues Decl. Ex. B at 9; Dkt. No. 11.

Cognizant has provided little justification for these requests, which total 6.9 hours at a rate of $646.00 per hour. By providing such bare and unhelpful explanations, Cognizant does not carry its burden of showing how the fee request is reasonable. Accordingly, I will deduct one-half of these fee requests, or $2,228.70.

**B. Redacted Billing Descriptions**

A number of fee requests redact the description of the work performed. As I have said in another case, a party "is not allowed to petition the Court for fees but hide from the public the basis for its request." *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-1927, 2013 WL 6698465, at *2 (N.D. Cal. Dec. 18, 2013). Accordingly, I will deduct from the following redacted entries the proportion of the fees relative to what I surmise to be the corresponding portion of work described in the redacted entry, *see Lota by Lota v. Home Depot U.S.A., Inc.*, No. 11-cv-5777-YGR, 2013 WL 6870006, at *12 (N.D. Cal. Dec. 31, 2013) ("it is within this Court's discretion to make deductions for block-billing"):

- February 21, 2014 – Rodrigues: $1,535.10 for 2.8 hours, to be reduced by one-third, or $511.70.
- February 25, 2014 – Medzhibovsky: $2,210.00 for 3.4 hours, to be reduced by one-half, or $1,105.00.
- March 3, 2014 – Medzhibovsky: $1,625.00 for 2.5 hours, to be reduced by one-third, or $541.66.
- March 3, 2014 – Rodrigues: $493.43 for 0.9 hours, to be reduced by one-half, or $246.72.
- March 10, 2014 – Medzhibovsky: $1,690.00 for 2.6 hours, to be reduced by one-quarter, or $422.50.
- March 18, 2014 – Ganas: $2,297.13 for 4.7 hours, to be reduced by one-quarter, or $574.28.

- March 19, 2014 – Ganas:  $977.50 for 2 hours, to be reduced by one-third, or $325.83.
- March 19, 2014 – Rodrigues: $4,550.48 for 8.3 hours, to be reduced by one-third, or $1,516.83.
- March 20, 2014 – Rodrigues: $2,028.53 for 3.7 hours, to be reduced by one-third, or $676.18.
- March 21, 2014 – Rodrigues: $2,028.53 for 3.7 hours, to be reduced by one-half, or $1,014.27.
- March 28, 2014 – Medzhibovsky:  $1,560.00 for 2.4 hours, to be reduced by one-half, or $780.00.
- March 31, 2014 – Medzhibovsky:  $780 for 1.2 hours, to be reduced by one-half, or $390.00.
- March 31, 2014 – Rodrigues:  $383.78 for 0.7 hours, to be reduced by one-half, or $191.89.
- Completely redacted entry, Rodrigues Decl. Ex. B at 21, to be reduced by $750.00.[1]
- Completely redacted entry, Rodrigues Decl. Ex. B at 27, to be reduced by $28.83.

The total amount to be deducted due to redacted entries is $9,075.69.

**C.  Unreasonable Billing Amounts**

On March 20, 2014, paralegal Jeff Reeves billed 2.6 hours at a rate of $263.50 to draft an application for the *pro hac vice* admission of two attorneys.  Rodrigues Decl. Ex. B at 6.  On April 2, 2014, the paralegal billed another 0.6 hours to "[r]evise" the applications.  Rodrigues Decl. Ex. B at 18.  *Pro hac vice* applications of this Court are one-page documents in which nothing more is requested other than the attorney's name, the client's name, the attorney's bar membership, local counsel's name, and the address, phone number, and email address of the attorney and local counsel.  *See* Dkt. Nos. 21, 22.  To bill $843.20 to fill out these forms is unreasonable.

---

[1] Even the amount requested for the "completely redacted entries" are redacted, so the Court had to take the total amount requested for the relevant period and subtract all other disclosed amounts.

1      One attorney billed 0.4 hours at a rate of $548.25 to "[r]eview and execute" the
2 applications. Rodrigues Decl. Ex. B at 18. In other words, an attorney with six years of legal
3 experience spent 24 minutes to verify her contact information and sign her signature at a cost of
4 $219.30. *See* Rodrigues Decl. ¶ 11. This is unreasonable (and it is telling that the second attorney
5 who was admitted *pro hac vice* did not bill the time reviewing and executing his application).

6      From the paralegal's billing request, I deduct 2.5 hours, or $658.75. From the attorney's
7 billing request, I deduct the entire $219.30 amount.

**D.  Other Fees**

9      As I indicated above, a review of Cognizant's counsel's billing records suggests that
10 certain tasks could have been performed more efficiently or would have been more cost-
11 effectively performed by a junior attorney or non-attorney. For example, Cognizant argues that it
12 "reasonably limited the time billed by its partners, who have the highest billing rate." Mot. 4. On
13 the contrary, one of the highest billers by far in terms of hours billed was a senior attorney whose
14 rate of $620.50 per hour is only slightly less than the billing rates of the partners assigned to the
15 case (i.e., $650.00 and $646.00). *See, e.g.*, Rodrigues Decl. Ex. C at 3. Similarly, I am unsure
16 why counsel assigned associates to upload files to an FTP website rather than having a discovery
17 specialist or paralegal perform that task.

18     In any event, "[i]t is not practical for me to discuss each of the remaining fee entries in the
19 detail I have addressed the fees discussed above." *Hernandez v. Taqueria el Grullense*, No. 12-
20 cv-3257-WHO, 2014 WL 1724356, at *15 (N.D. Cal. Apr. 30, 2014). The Ninth Circuit has said
21 that "the district court can impose a small reduction [on the requested fees], no greater than 10
22 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation."
23 *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). I will exercise my discretion
24 to do so and will reduce the adjusted fees request by an additional 10 percent, from $138,784.65 to
25 $124,906.18.

**III.  CALCULATION**

27     For the reasons detailed above, I find that $124,906.18 of the fees and $5,435.55 of the
28 costs, totaling $130,341.73, requested in this matter were reasonable. Adjustment to this figure

based on the *Kerr* factors is not necessary because my consideration of the *Kerr* factors was subsumed in the preceding analysis. *See Secalt*, 668 F.3d at 689.

## CONCLUSION

Cognizant's counsel did good work in this case and achieved the desired result for their client. They charge premium rates that are justified by their education, experience, and the quality of the work performed. They are entitled to their reasonable fees and costs. I have no doubt, too, that the individuals for whom Cognizant requests fees performed the tasks described. But I have an independent obligation to ensure that all fee requests are reasonable and sufficiently justified. Because some of them were not, the reductions described in this Order are necessary.

Cognizant's motion for attorney's fees and costs is GRANTED in part and DENIED in part. McAfee shall pay Cognizant $124,906.18 in fees and $5,435.55 in costs, totaling $130,341.73. The bond of $100.00 that Cognizant posted shall also be returned.

**IT IS SO ORDERED.**

Dated: August 7, 2014



WILLIAM H. ORRICK
United States District Judge